# JULY TERM, 1861, AT LANSING.

## Louis Rene Buchoz v. Hippolite Lecour and Others.

A bill in Chancery was filed against the grantee named in a deed of lands, and purchasers of the lands from him, to set aside the deed for fraud. The grantee answered fully, denying the fraud; but as to the others, the bill was taken as confessed. It was *held*, that the defense of the grantee enured to the benefit of the other defendants, and the bill being dismissed as to him, was properly dismissed as to the others also.

*Heard April 24th. Decided July 11th.*

Appeal in Chancery from Wayne Circuit, where both the original bill, and the bill in the nature of a bill of supplement and revivor, were dismissed as to all the defendants.

*T. Romeyn* and *G. V. N. Lothrop*, for complainant.

*C. I. Walker*, for defendants :

As the other defendants claim under Lecour, and are in privity with him, it follows, as a necessary consequence, if the complainant is not entitled to a decree against Lecour, he is not against the other defendants :— 10 *Johns.* 526 ; 2 *Bibb*, 349 ; 1 *Litt.* 52 ; 4 *J. J. Marsh.* 383 ; 8 *Humph.* 399.

CHRISTIANCY J.:

The original bill in [this cause was filed to obtain a reconveyance of certain lands, claimed to have been conveyed by complainant to Lecour, as security only, for a debt which it alleges to have been paid. It also claims that a subsequent deed of the same lands, executed by complainant to Lecour, was obtained by fraud; alleges a

conveyance by Lecour to defendants John P. Juif and Theophilus Juif, with full notice on the part of the pur- chasers of complainant's rights. It appears from the original bill, taken in connection with the subsequent bill in the nature of a bill of supplement and revivor, that all the other defendants derive their interest and title through this conveyance, in part by purchase alleged to be with- out consideration and with notice, and in part by inheri- tance from John P. Juif, who died after the filing of the first bill. The merits depend wholly upon the pleadings and proceedings in the original suit.

The answer of Lecour to the original bill denies all the material facts stated in the bill, and fully meets and controverts all the equities of the complainant: and though the answer is not evidence (the oath being waived), it still has the effect to put the complainant to the proof of his case, and without such proof it is admitted no decree could be obtained against Lecour.

But the other defendants, whose rights were derived from Lecour, did not answer; and, as to them, the bill was taken *pro confesso.*

Mr. Bates, who appeared as solicitor, and put in the answer for Lecour, before entering an appearance for any of the defendants, had stipulated with complainant's solicitor to appear for all the defendants; but he never entered an appearance nor filed an answer for the other defendants, though the stipulation was filed; and upon the strength of this stipulation, and claiming this as an appearance, the order *pro confesso* was entered. The case does not show that any subpœna was ever issued for the appearance of defendants. No proofs were taken, and the case was heard upon bill, answer and replication.

A question is raised by defendants, as to the authority of Bates to bind them by this stipulation; and his authority is put in issue by the answer to the supplemental bill. But we do not deem it necessary to discuss this question;

because, admitting his authority, and that the filing of the stipulation constituted an appearance of all the defendants, still we think the answer of Lecour must be held to enure to the benefit of the other defendants, whose rights were derived from him, and dependent upon his. It is true the defendants, whose rights were derived from Lecour, might have other defenses, not available to him, and which they might have been able to sustain though his might have failed. Of all such independent defenses,. peculiar to them, they would lose the benefit by suffering the bill to be taken as confessed. But, on the other hand, if the case, as presented, shows no right as against Lecour, and is not such as to have invalidated his title had it still remained in his hands, the complainant can not possibly be entitled to the relief he asks as against the same title in the hands of Lecour's assigns.

The answer of Lecour, until overcome by proof, was sufficient to protect his own title to the land had he never conveyed to the other defendants. We think it equally protected the same title in the hands of the purchasers and those claiming under them, and that they had a right to rest their defense upon that of their grantor, and to abide the result of his defense. And if, as claimed by complainant, Lecour's solicitor was also the solicitor of the other defendants, and they had no defense independent of Lecour's, we can see no reason why he should subject them to the expense of an answer, or encumber the records by a repetition of what already sufficiently appeared.

But it is said, Lecour was not a necessary party, and that the bill might have been filed against the other defendants alone. But though not perhaps a *necessary*, he was a *proper* party. Had the bill been filed against the other defendants alone, there would have been no answer from him which could protect them; and they must have defended themselves or abandoned their rights. But upon the bill as presented, the complainant has aimed to reach

these defendants *only through* Lecour; and his answer inter-
poses a shield which protects their rights, as well as his
own.

The decree of the court below, dismissing the bill, must
be affirmed with costs.

MARTIN CH. J. and MANNING J. concurred.

CAMPBELL J. did not sit in the case, having been of counsel,